h EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Michael Felix, plaintiff-appellant, from a judgment dismissing his claim for damages suffered when he was struck in the head from behind allegedly by an employee of the Original Daiquiris, a bar on Bourbon Street, defendant-appellee. The trial judge ruled that Felix had failed to show by a preponderance of the evidence that his assailant was an employee of Daiquiris’ and therefore ruled in defendant’s favor. Because we find no legal or manifest factu *990 al error in the actions of the trial court, we affirm.
The known facts are straightforward. Felix had attended a laser show with his sister and two friends on March 1, 1992, the Sunday evening before Mardi Gras. After the show they walked down Bourbon Street, stopping at Daiquiris for a drink, and continuing further to another club where they remained until after midnight. They then back-tracked up Bourbon street where Felix went into Daiquiris to get another drink. His sister and friends proceeded a little further up the street and apparently [¡.stopped to wait for him. Felix said that he entered the bar but was told it was closed. Two Daiquiris employees showed him to the door and he exited onto the sidewalk. A few seconds later he was struck in the head from behind and lost consciousness. When he came to a short time later he was sitting on the sidewalk and his sister and friends were with him.
The major factual dispute in this case is who actually struck Felix. His sister Diana testified that she was not looking in the direction of the club when her brother was struck and therefore did not see the incident. Laura Watson, one of the two friends, also said that she did not see the incident, and the other friend did not testify. Diana and Laura did say that there were several Daiquiris employees at the scene and that there seemed to be other people involved with them in an ongoing altercation.
The only other evidence presented was the 1996 deposition testimony of Clyde Brock, the Daiquiris assistant manager. Brock was asked about an incident occurring early in the morning hours of Ash Wednesday of 1992. His recollection was that there had been an incident involving Kurt Scott, another employee, when Scott was putting out the trash at closing time about 2:00 AM. Brock said he did not see what happened, but only learned from Scott a few days later that there had been a “shoving match” with someone who was in his way and wouldn’t move. Brock also said that at the time of the incident he came out onto the street and saw someone from behind talking to a policeman nearby. He assumed this person was the one involved with Scott, but could not identify Felix as that person. At the end of the deposition Brock was asked if the incident may have actually occurred on the Monday morning before Mardi Gras. He said that if it had, then it would have been at about 4:00 AM ^because the bar would not have closed until then.
On the above evidence the trial judge found that Felix had not met his burden of proving that he was struck by an employee of Daiquiris and therefore dismissed the case. Plaintiff now appeals that ruling.
Because the outcome of this case depended on the factual finding that plaintiff had not shown by whom he was struck by a preponderance of the evidence, the standard of review here is whether that finding was manifestly erroneous or clearly wrong, Rosell v. ESCO, 549 So.2d 840 (La.1989). In Rosell the court stated that:
Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong, (at 844).
In the present case neither plaintiff nor any of his witnesses saw who struck him. As to the assistant manager Brock, plaintiffs counsel originally asked him about an incident occurring two days after the one described by plaintiff. Brock said that he did not see the incident and was told by Scott a few days later of a “shoving match” on the sidewalk. Brock also said that he could not identify Felix as the person involved in the incident about which he was *991 told. At the end of his deposition Plaintiffs counsel asked whether the incident related to him by Scott might have occurred on Monday morning rather than Wednesday morning as originally suggested. Brock answered that if that were so then the time of morning would have been two hours earlier.
Clearly there are two possible views of the above evidence. The first is that the incident described by Brock was in fact different from the one described by plaintiff. Brock was asked about an occurrence on Wednesday morning and Felix was sure this took place on Monday |4morning. This Monday time frame was the only one possible for Felix because he and his party had been to a laser show earlier and he said that those shows are only performed on Saturday and Sunday nights. Brock recounted that the incident he learned of from Scott involved a “shoving match” with someone on the sidewalk and he did not say anything about anyone being struck on the head or knocked down. Felix said that he was struck from behind by an unknown assailant and knocked unconscious.
The other view of the evidence would be that the two events were the same. In this view it would be reasonable to consider that had there been two incidents two days apart Brock would have learned of both of them. That he only testified about one incident during the 1992 Mardi Gras season would suggest that there was only one, and that both Brock and Felix were describing the same event. If that were the case, then it would be a permissible view of the evidence to conclude that Felix was struck by a Daiquiris employee, possibly Scott.
It is evident that the trier of fact adopted the first view of the evidence rather than the second. Because there are two permissible views of the evidence presented, this court cannot say that the fact-finder’s choice of one of them is manifestly erroneous, Rosell v. ESCO, supra. We must therefore affirm those findings.
Plaintiff also argues that the law of the case doctrine is applicable here and mandates a different result. This argument is based on this court’s opinion in a prior appeal brought in this case. The trial judge had granted a defense motion for summary judgment and plaintiff appealed. The issue in that appeal was in what circumstances is an employer liable for the acts of its employee.
Un reversing the trial court, this court simply pointed out that plaintiff had produced sufficient evidence to put at issue whether the employer could be found liable under the rule of Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994. There were no factual findings affirmed or made by the appellate court as to who had struck Felix because that issue was not before the court. Moreover, while the court did consider Brock’s deposition, it simply stated that Brock “indicatfed] that the altercation occurred during business hours on the employer’s premises.” It concluded that “for purposes of C.C.P., art. 966, this creates a genuine issue of material fact.” This did not constitute a finding of fact in the case, but was instead a ruling that there existed a material factual dispute which precluded summary judgment because that dispute could only be resolved by trial if the issue. We therefore must reject plaintiffs argument that the law of the case doctrine is applicable here.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.

AFFIRMED.